Arthur E. BADER, Sr., Plaintiff,

v.

ADMINISTRATOR OF VETERANS AFFAIRS FOR DEPARTMENT OF UNITED STATES ARMY, United States Government, Marie C. Bader, Prudential Insurance Company of America, Defendants.

Civ. A. No. 79–563.

United States District Court,
D. New Jersey.

May 24, 1979.

Victor Taylor, Taylor, Kotkikoff & Schwartz, Camden, N. J., for plaintiff.

Robert J. Del Tufo, U. S. Atty. by Adrenee G. Freeman, Asst. U. S. Atty., Newark, N. J., for defendants.

OPINION

BROTMAN, District Judge.

The Administrator of Veterans Affairs for the Department of the United States Army [hereafter, "the Administrator"], one of the defendants in this action, brings this motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

Plaintiff, Arthur E. Bader, Sr., is the executor of the estate of his son, Arthur E. Bader, Jr. [hereafter, "decedent"]. Decedent was listed as missing in action in Vietnam in November, 1968. The Army rendered a presumptive finding of death in August of 1978. Thereupon plaintiff was notified that the Veterans Administration would settle his son's accounts due through August 21, 1978. Plaintiff demanded that the moneys due from the government be paid over to him in his capacity as executor under decedent's will. When compliance with this request was not forthcoming, plaintiff filed this action demanding payment to him of: (1) back pay and allowances through August 21, 1978, (2) a death gratuity, and (3) the proceeds of decedent's Servicemen's Group Life Insurance policy. Also named as defendants are Marie C. Bader, decedent's divorced wife, and the Prudential Insurance Company, the carrier of the insurance policy. The Administrator, while not disputing its obligation to pay these moneys to the proper recipient, con-

tends that plaintiff is not entitled to them under the relevant statutes. For the reasons stated below, the motion is granted.

While the jurisdictional basis is not clear since this case was removed from state court, it appears that the court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) or § 1361, depending upon the exact dollar amount at issue.

■ A motion to dismiss will not be granted unless it appears as a certainty that as a matter of law plaintiff would not be entitled to relief under any state of the facts which could be proved in support of his claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *McKnight v. SEPTA,* 583 F.2d 1229 (3rd Cir. 1978). The Administrator does not contest the factual allegations of the complaint, except to deny that any change of beneficiaries was effected by decedent. Resolution of this and all other issues is purely a matter of statutory interpretation, and therefore may be resolved in a pre-trial motion.

## A. Back Pay and Allowances

The persons who are entitled to recover a deceased serviceman's back pay and allowances are set out in a statutory hierarchy. Under 10 U.S.C. § 2771(a)(1), settlement of decedent's account must be paid first to the designated beneficiary; only where no beneficiary is designated may others recover the funds. The legal representative stands fifth in order of priority. Decedent duly designated his daughter, Angela, as his beneficiary for back pay and allowances. Aff. of Aileo, Exh. 1. Changes in beneficiary must be made in accordance with prescribed regulations. 10 U.S.C. § 2771(b). The only regulation which presently governs change of beneficiary under the statute is found in 4 C.F.R. § 34.1(b), which provides, in pertinent part:

"A designation of beneficiaries under 10 U.S.C. § 2771 . . . properly executed and filed in the place designated for such purpose in the regulations of the department concerned, will be effective thereafter until (1) expressly changed or revoked in writing. . . ."

Plaintiff has not alleged and does not contend that decedent's will was filed with the Army, in accordance with the statute and regulation, for the purpose of changing the beneficiary. Nor does the will itself expressly or otherwise change or revoke the designated beneficiary. In fact, the will reaffirms that his daughter should receive his back pay and allowances. Indeed, plaintiff does not contest that the daughter is ultimately entitled to the money; his position is that she should receive the funds through the estate, making them subject to executor's commissions, and of course the applicable estate taxes. The Administrator counters that under the statute, the money must be paid directly to the daughter as the designated beneficiary.

The issue which we must decide is whether the executor of a serviceman's estate becomes his designated beneficiary within 10 U.S.C. § 2771 by virtue of the serviceman's will alone. There are virtually no cases construing the provision. While in the court's opinion the statutory language on its face supports the Administrator's position, we will examine the legislative history. In amending over the years the statutory provisions regarding devolution of a deceased serviceman's back pay and allowances, Congress has demonstrated an intent of not requiring that they be paid through the representative of the serviceman's estate. The present provision, 10 U.S.C. § 2771, finds its source in a 1906 enactment, 34 Stat. 750, which mandated that any amount due a deceased member of the Army be paid only to the "duly appointed representative of the estate . . . ." This statute was subsequently amended to permit payment of the decedent's account directly to a statutorily-prescribed beneficiary, unless the legal representative of the estate first submitted a claim. 10 U.S.C. § 868 (1946 ed.). *See also Keown v. United States,* 191 F.2d 438, 440–41 (8th Cir. 1951). In 1956, 10 U.S.C. § 868 was redesignated 10 U.S.C. § 2771. *See* 1956 U.S.Code Congressional and Administrative News, pages 1526–27. In 1955, Congress enacted 37

U.S.C. § 361 which at section 2 contains substantially the language of the present § 2771, eliminating the clause allowing a legal representative to receive the monies upon demand. *See* 1955 U.S.Code Congressional and Administrative News, page 325. In amending Title 10 in 1958, Congress enacted the present § 2771(a) using 37 U.S.C. § 361 as its source. *See* 1958 U.S.Code Congressional and Administrative News, page 4638. Congressional elimination of the right of the legal representative to submit a claim and receive payments indicates to the court that payment must be made directly to the beneficiary designated in the prescribed manner.

Furthermore, the House Report supporting the 1955 enactment of 37 U.S.C. § 361 indicates that Congress, by giving priority to the serviceman's designated beneficiary, intended to provide the serviceman with the advantages of a testamentary disposition without the disadvantages of taxes and administration costs:

> "The proposed legislation will permit the soldier himself to designate a beneficiary for his final pay. The measure *in substance,* by permitting a designated beneficiary, provides for a *testamentary disposition* by the serviceman of that part of his estate representing his final pay. This legislation would therefore permit the serviceman to make his own choice as to such beneficiary and at the same time relieve the General Accounting Office and the military departments of considerable and administrative burden and cost in connection with the settlement of final-pay accounts.

> . . . . .

> "It is significant to note that the bill modifies existing law by authorizing payment first to the designated beneficiary, and places the legal representative of the estate at the end of the order of precedence. [emphasis supplied]"

1955 U.S.Code Congressional and Administrative News, pages 2435–36.

 Plaintiff relies on *Scammon v. Scammon,* 90 N.E.2d 617 (Ohio Com. Pleas 1950) for the proposition that the representative of a deceased soldier is entitled to the back pay and allowances due the soldier as a contractual obligation of the government. On this theory, the moneys are due the decedent's estate as a vested contractual right, and are payable to the executor of the estate. However, the United States Supreme Court has since held that common law contract principles have no place in the area of military pay, which is wholly controlled by statute. *Bell v. United States,* 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961). Moreover, although devolution of property is normally governed by state law, where there is an applicable federal statute, that statute prevails. *United States v. Oregon,* 366 U.S. 643, 648–49, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961). The amendments to this statute clearly evince a congressional intent to eliminate the necessity of distributing a deceased serviceman's pay through his estate. We hold that pay and allowances due decedent are properly payable directly to his last designated beneficiary, his daughter. Plaintiff's claim for these moneys must therefore be dismissed.

### B. *Death Gratuity*

 Plaintiff's claim to the death gratuity provided under 10 U.S.C. § 1475 *et seq.* must also be dismissed. By its very terms, the statute creates a gratuity payable not to the serviceman, but to a statutorily-prescribed hierarchy of beneficiaries. Under 10 U.S.C. § 1477(a), decedent's daughter is entitled to this gratuity. There is nothing in the language of the statute or its legislative history which suggests that any right to the death gratuity ever vests in the serviceman himself and thus passes to his estate upon his death.

Plaintiff argues that the statutory language, "shall be paid to *or for* the survivor highest on the following list: [emphasis supplied]," implies that the gratuity should be paid through the estate. We cannot agree. We interpret this language to mean that in the event the gratuity is payable to a minor, it may be paid to the legal guardian for the minor.

A review of the legislative history does not illuminate the purpose behind the language in question. However, given the nature of the death gratuity, to which the serviceman himself would have no right, it seems plain that payment to the beneficiary was intended to be direct rather than through the representative of the estate. Accordingly, plaintiff's claim to the death gratuity is dismissed.

C. *Serviceman's Group Life Insurance*

The payment of Serviceman's Group Life Insurance policy proceeds is governed by 38 U.S.C. § 770, which provides that such proceeds shall be paid to the beneficiary designated in writing prior to the insured's death. The decedent designated his daughter as beneficiary. Aff. of Aileo, Exh. 2. Plaintiff does not allege or contend that decedent changed the beneficiary, except to argue that the mere fact of his appointment as executor effected such a change. According to the applicable regulations, any change of beneficiary "will take effect only if it is in writing signed by the insured and received prior to the death of the insured by his . . . uniformed service. . . ." 38 C.F.R. § 9.16(d). *See, Shannon v. United States,* 417 F.2d 256, 262 (5th Cir. 1969); *Weymann v. Wilson,* 320 F.Supp. 980, 987 (M.D.Fla.1970).

The complaint in this suit makes no allegation, and plaintiff does not argue, that the decedent's will was "received" by the Army in compliance with the regulation. However, even if it had been, the estate would not become substituted as beneficiary of the insurance policy. Under the statute, designation of an executor in a serviceman's will does not entitle that executor to recover the insurance proceeds for distribution. Under 38 U.S.C. § 770(a), insurance proceeds may be paid to a duly appointed representative of a serviceman's estate only if no beneficiary is designated *and* if there is no surviving spouse, child, or parent. 38 C.F.R. § 9.16(i). In the instant case, a beneficiary was duly designated. Thus, by the terms of the statute and regulations, plaintiff has no right to receive the insurance proceeds for distribution, and his claim must therefore be dismissed.

To summarize, the court holds that under the applicable statutes and regulations, proceeds which become payable upon a serviceman's death must be remitted directly to the designated or statutorily-prescribed beneficiary. The executor of the serviceman's estate is not entitled to collect these payments as assets of the estate by virtue of the testamentary instrument alone. Accordingly, the Administrator is entitled to judgment as a matter of law, and summary judgment is granted.

Our determination that all payments at issue must be made directly to the decedent's daughter necessarily means that no claim is stated against the other defendants, the daughter's guardian Marie Bader, and the insurance carrier, Prudential. Therefore, the complaint will also be dismissed as to these defendants. An appropriate order will be entered.